SHIRES v. SHIRES et al.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. CONVEYANCE IN TRUST—EVIDENCE—DESCENT AND DISTRIBUTION.

Property will be held to have been derived by testator from his mother, and not from his father, so that, he dying without surviving wife or lineal descendant, it will descend to the mother's relatives, though, after conveyance of the property by the father to the mother, all three lived together and seemed to have a mutual interest in it, and after the father's death intestate did acts indicating ownership; none of the father's acts being necessarily inconsistent with the mother's ownership, and consistent only with the theory that his conveyance to her was in trust for himself, and intestate's acts being equally consistent with the fact that he was his mother's sole heir.

Appeal from judgment on report of referee.

Action by William C. Shires against George R. Shires and others. From a judgment on the report of a referee, defendants appeal. Affirmed.

The action is for the partition of certain real property of which Walton A. Winne died seised, intestate, in 1900. He left, him surviving, no wife nor lineal descendant, and the sole question at issue is ·whether such property, upon his death, descended to his father's collateral relatives, or to those of his mother. In 1862 Abram Winne, being then the owner of the property in question, conveyed the same to his wife, Margaret Winne. He died, intestate, in 1873, and she died, intestate, in 1892, leaving, them surviving, said Walton A. Winne, a son, their only heir at law. The claim on the part of the appellants, who are collateral relatives of said Abram Winne, is that such conveyance to Margaret by her husband was in trust, and that the equitable ownership of such property remained in the husband at the time of his death. The referee has found that the mother had the legal title, that upon her death it descended to Walton as her heir, that therefore the inheritance came to Walton on the part of his mother, and that upon his death under the statute it descended to her relatives; and he ordered judgment accordingly. From the judgment entered upon such report this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

M. T. Clough, for appellants.

Eugene Bryan, for respondent.

PARKER, P. J. From the evidence in this case it cannot be concluded that the wife, Margaret Winne, received the property in question as a trustee for her husband, Abram Winne. The clear weight of evidence, I think, is to the effect that Abram intended to convey to his wife, in her own right, whatever interest he had left in this

property; and, although she and her husband and their son Walton thereafter lived together and seem to have had a mutual interest in it, there is nothing to indicate that her absolute title was not recognized by them all. I do not discover that Abram Winne, after his wife had acquired the title, and up to the time of his death in 1873, did any acts that were necessarily inconsistent with the theory that the property was during all that time the wife's; and, after his death, whatever Walton Winne did indicating acts of ownership may as well be ascribed to the fact that he was the sole heir of his mother, and expected as such to succeed to her interest, as that he claimed or considered himself to be the owner as the heir at law of his deceased father. Indeed, the recitation in the mortgage executed by him to Margaret Ross on December 30, 1899, indicates that in his judgment and understanding of the situation the property had descended to him from his mother, and not from his father. This view of the case requires an affirmance of the judgment appealed from. It shows that the property in question was, as matter of fact, derived by the intestate, Walton A. Winne, from his mother, and therefore it should descend, under the statute, to the mother's relatives, as the judgment provides.

Judgment affirmed, with costs. All concur.